**BOARD OF COM'RS OF SAN MIGUEL COUNTY, N. M., v. COWAN et al.**

Circuit Court of Appeals, Eighth Circuit. October 29, 1927.

No. 7815.

Dismissal and nonsuit ⬥➾75—Making dismissal without prejudice held discretionary where suit was pending 18 months and apparently complainant's case could not be bettered.

Refusal to qualify a decree of dismissal by making it without prejudice is within the discretion of the court, and where the suit had been pending for 18 months there was no apparent prospect that complainant's case could be bettered, and it was delaying settlement of an insolvent estate, there was no abuse of discretion.

Appeal from the District Court of the United States for the District of New Mexico; Orie L. Phillips, Judge.

Suit in equity by the Board of Commissioners of San Miguel County, N. M., against David Cowan, receiver of the First National Bank of Las Vegas and others. From a decree dismissing the bill, complainant appeals. Affirmed.

C. J. Roberts, of Sante Fé, N. M. (Chester H. Hunker, of East Las Vegas, N. M., on the brief), for appellant.

Charles W. G. Ward, of East Las Vegas, N. M. (John F. Simms and Clarence M. Botts, both of Albuquerque, N. M., on the brief), for appellees.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

PER CURIAM. Appellant brought this suit against the First National Bank of Las Vegas and its receiver, appointed by the Comptroller of the Currency because of insolvency, for the purpose of obtaining a decree adjudging appellant's claim to be a preferred claim. It had been allowed as a general claim, and dividends had been paid thereon, when this suit was instituted. The claim was made up almost entirely of checks drawn on the insolvent bank, on other banks in Las Vegas, and perhaps on banks elsewhere, though the evidence is quite uncertain in those particulars. As the deposits were made, credits therefor were given on the books of the bank in an open account. In addition to the balance in favor of the county treasurer, who made the deposits shown by the deposit account, he held a cashier's check of said bank for a little less than $3,000. Almost all of the balance shown by the bank's books to be due the treasurer was deposited in the bank on April 25, 1925, and the bank failed just one week thereafter.

At the close of appellant's proof, counsel for appellees moved that the bill be dismissed. The court announced it would have to sustain the motion under the decisions of this court in Farmers' National Bank v. Pribble, 15 F.(2d) 175, Mechanics & Metals National Bank v. Buchanan, 12 F.(2d) 891, and Empire State Surety Co. v. Carroll County, 194 F. 593. Counsel for appellant impliedly conceded that a case for a preference had not been made, and announced that he was not prepared to present the requisite proof at that time to bring his case within the rule repeatedly announced by this court, found in the cases supra. He thought he might be able to make the proof after investigation, and that, if that proved to be so, he would like an opportunity to bring the suit again, and therefore objected to an order of dismissal, unless made without prejudice. His request was given due consideration. Counsel for appellees objected to its being granted. The court announced that the point was one resting in its discretion. Attention was called to the fact that many of the checks, as shown by the proof, were drawn on the First National Bank. Grave doubts were expressed as to whether the claimed proof could ever be made. The suit had not been brought until May 11, 1926, and, though appellees filed their answer July 27, 1926, the trial was not brought on until November, 1926. The settlement of the insolvent estate had been thus delayed, and because of this fact, and the further fact that there was no reasonable assurance that the necessary proof could ever be adduced, the court sustained the motion of appellees, and dismissed the bill at appellant's cost, without the saving clause that the dismissal was without prejudice to appellant's right to file a new bill. The error assigned is the refusal of the court to grant appellant's request to dismiss without prejudice.

We think it clear that the court's action was a matter within its judicial discretion, and that on the facts stated there was no abuse of that discretion. The decree appealed from is affirmed.